IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY ANDERLOHR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-776-PRW |
| | ) |
| TURN-KEY HEALTH et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Anderlohr, appearing *pro se*, and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. (ECF No. 1). United States District Judge Patrick R. Wyrick has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Previously, the Court: (1) dismissed, with prejudice, any claim against the Stephens County Jail; (2) dismissed, without prejudice, the official capacity claims against Defendant Martinez; (3) dismissed, without prejudice, any claim against Defendant Kasey; (4) dismissed, without prejudice, any claim against Turn-Key Health; and (5) concluded that Plaintiff had stated an individual capacity claim for deliberate indifference under the Fourteenth Amendment against Defendant Martinez limited to the recovery of monetary damages. *See* ECF No. 10. Defendant Martinez has filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. (ECF No. 23) to which Plaintiff has filed a response (ECF No. 27) and Defendant Martinez has filed a reply (ECF No. 28). The Court should grant Defendant Martinez' Motion for Summary Judgment.

I. **PLAINTIFF'S ALLEGATIONS**

Mr. Anderlohr is a pretrial detainee currently incarcerated at the Stephens County Jail, who has filed a Complaint alleging deliberate indifference to his serious medical needs. (ECF No. 1:7-8). According to Mr. Anderlohr, on May 12, 2021, he broke his right forefinger knuckle and digit. (ECF No. 1:7). Four days later, he reported the injury to "Nurse Missy" and seven days later, Plaintiff was taken to the Nurse's office where "Nurse Kasey" gave Mr. Anderlohr Naproxen and ordered x-rays. (ECF No. 1:7). On May 26, 2021, Plaintiff's hand was x-rayed and on May 27, 2021, Nurse Kasey arranged for care at an outpatient facility. (ECF No. 1:7). On July 23, 2021, Mr. Anderlohr was taken to a clinic where a doctor informed Plaintiff that his finger was "broken off the knuckle and splintered 3-times." (ECF No. 1:7). According to the doctor, Plaintiff's injury was "too far gone and arthritis was setting in" and his recommendation to Plaintiff was to let the finger "finish fusing and then work[] it out." (ECF No. 1:7).

As stated, the remaining claim seeks liability against Defendant Martinez, in his individual capacity. *See supra*. In support of this claim, Plaintiff alleges that Defendant Martinez "ignor[ed] [Plaintiff's] grievance" with "deliberate indifference," which resulted in Plaintiff suffering severe pain for over 60 days, as well as imperfect healing in his hand, arthritis, and "deformity which will cause future impairment." (ECF No. 1:8). Although the Complaint is silent regarding any details of the alleged grievance, Mr. Anderlohr directly blames Defendant Martinez' actions in "ignoring" said grievance as the basis for his delay in medical care and resulting pain and suffering.

## II.   STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court views the evidence and the inferences drawn from the record in the light most favorable to the non-moving party. *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.,* 431 F.3d 1241, 1255 (10th Cir. 2005). While the Court construes a pro se litigant's pleadings liberally, such a litigant nevertheless is held to the same rules of procedure as are binding on other litigants. *See Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor, i.e. to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.,* 428 F.3d 933, 935 (10th Cir. 2005). Parties may establish the existence or nonexistence of a material disputed fact through:

> • citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials" in the record; or

- demonstration "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).

A defendant seeking summary judgment on the basis of an affirmative defense must show that the undisputed material facts establish *all* of the elements of the defense. *See Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir. 1997) ("The defendant ... must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."). If the defendant meets this burden, the burden shifts to the plaintiff to cite evidentiary material that shows there is a genuine factual dispute as to one or more elements of the affirmative defense, absent which summary judgment should be granted in favor of the defendant. *Id.*

### III. SUMMARY JUDGMENT—NON-EXHAUSTION OF ADMINISTRATIVE REMEDIES

In part, Defendant Martinez argues that he is entitled to summary judgment due to Plaintiff's failure to exhaust his administrative remedies on his claim. The Court should agree.

#### A. The Exhaustion Requirement

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted." *Id.* "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

An inmate such as Plaintiff, successfully exhausts his administrative remedies by completing the administrative review process established by the facility grievance policy. *Id.* at 218. Exhaustion must occur prior to the prisoner bringing a lawsuit on his claims. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *See id.; see also Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (noting that "substantial compliance [with the exhaustion process] is insufficient." However, courts "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007).

### B. The Relevant Grievance Process/Plaintiff's Failure to Exhaust

The grievance procedure for SCDC inmates is a simple, one-step process. Inmates are directed to write out their grievance and place the paper in an unstamped envelope addressed to the jail administrator. (ECF No. 25-3).

In a Declaration from Defendant Martinez, he states:

Mr. Anderlohr never submitted any grievance or request to staff in any way related to the treatment for his fractured right hand.

. . .

At some point between June 16, 2021 and June 24, 2021 I became aware that . . . Mr. Anderlohr had likely broken his right hand and was to receive x-rays. I never received any information or had any indication that Mr. Anderlohr believed that he was not receiving adequate and/or timely care for his hand.

5

(ECF No. 22-5:3-4). In response to Defendant's Motion for Summary Judgment, Plaintiff stated: "I made numerouse [sic] Grievances in accordance with the court's requirements to exhaust all administrative remidy [sic]. My Grievances consistantly [sic] went unanswered, or were proclaimed to Be "Lost" by staff." (ECF No. 27:2).

For purposes of summary judgment, "facts" must be established by evidence which would be admissible at trial. *BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1101 (10th Cir. 1999). That is, to oppose summary judgment, the nonmovant must "ensure that the factual dispute is portrayed with particularity." *Janny v. Gamez*, 8 F.4th 883, 899 (10th Cir. 2021). Here, The Court should conclude that Plaintiff's unverified, bald assertion does not meet the standards of admissibility sufficient to create a factual dispute which would defeat summary judgment regarding his alleged exhaustion of the deliberate indifference claim against Defendant Martinez. *See supra*, Fed. R. Civ. P. 56(c)(1)(A)-(B); *see also BancOklahoma*, 194 F.3d at 1101 (rejecting an affidavit opposing summary judgment that "contain[ed] sweeping, conclusory statements," but that did "not mention any single transaction, date or person"); *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (noting that while an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes, the affidavit must set forth facts, not conclusory statements.").

Moreover, the Special Report contains three "Requests to Staff" submitted by Plaintiff, which indicates that he understood the procedure, but none of the forms relate to his claim that Defendant Martinez ignored a request which complained that he was not receiving treatment for his broken hand. *See* ECF No. 25-1:18, 24, 31. Accordingly, based

6

on Plaintiff's failure to exhaust his administrative remedies before he filed this lawsuit, the Court should conclude that Defendant Martinez is entitled to summary judgment.

## IV.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should grant Defendant Martinez' Motion for Summary Judgment based on Plaintiff's non-exhaustion of administrative remedies.

The parties are hereby advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **August 1, 2022**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V.  STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral.

ENTERED on July 14, 2022.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE